LUBETICH, DOING BUSINESS AS PACIFIC REFRIGER-ATED MOTOR LINE, *v.* UNITED STATES ET AL.

No. 322. Argued December 17, 1941.—Decided January 19, 1942.

*Mr. Albert E. Stephan* for appellant.

*Mr. Frank Coleman,* with whom *Solicitor General Fahy, Assistant Attorney General Arnold,* and *Messrs. James C. Wilson, Archibald Cox, Daniel W. Knowlton,* and *Nelson Thomas* were on the brief, for appellees.

58

Mr. Justice Murphy delivered the opinion of the Court.

This is a companion case to *United States* v. *N. E. Rosenblum Truck Lines, Inc.,* and *United States* v. *Margolies, ante,* p. 50. It is a direct appeal from the final decree of a specially constituted three-judge district court [1] dismissing appellant's petition to set aside an order of the Interstate Commerce Commission denying appellant's application under the "grandfather" clauses of §§ 206 (a) and 209 (a) of the Motor Carrier Act of 1935 [2] for operating authority as a "common" or "contract" carrier by motor vehicle.

The Commission's findings [3] show that appellant's method of operations was substantially the same as that of appellees in the *Rosenblum* and the *Margolies* cases. Appellant operated between Los Angeles and Seattle and held permits from the States of California, Oregon, and Washington. Between June 1935 and January 1938 most, if not all, of the traffic handled by appellant was solicited and billed by other motor carriers and moved in appellant's vehicles only between the terminals of those other carriers. From April 1937 until January 1938 appellant hauled exclusively for a single common carrier, Hendricks Refrigerated Truck Lines, Inc. The goods moved on Hendricks' bills of lading and its tariff rates were applied. Appellant requested loading instructions from, and re-

---

[1] Convened pursuant to the Urgent Deficiencies Act of 1913 (38 Stat. 220, 28 U. S. C. §§ 47 and 47 (a)) and § 205 (h) of the Motor Carrier Act of 1935, rearranged by the Transportation Act of 1940, 54 Stat. 899, as § 205 (g) of Part II of the Interstate Commerce Act.

[2] The Motor Carrier Act of 1935 is now designated as Part II of the Interstate Commerce Act. 54 Stat. 919.

[3] Since the evidence upon which these findings were made is not included in the record before us, appellant may not here attack them. *Mississippi Valley Barge Co.* v. *United States,* 292 U. S. 282, 286, and cases cited.

ported loadings to, Hendricks. Appellant received the total revenue less ten percent on southbound loads and the total revenue on northbound loads. On "express" traffic he received a flat rate of eighty cents per hundred pounds. Shippers' claims generally were paid in the first instance by Hendricks and then charged back to appellant.

In January 1938 appellant engaged a solicitor of his own, established terminals and apparently discontinued the operations previously conducted in connection with other carriers.

On the basis of its findings the Commission concluded that the service performed "was not the fulfillment of engagements in consequence of a holding out to the general public but was primarily the hauling of traffic for motor common carriers." [4]

While the application in the instant case is for a common carrier certificate, or, in the alternative, for a contract carrier permit, rather than for a contract carrier permit as in *United States* v. *N. E. Rosenblum Truck Lines, Inc.* and *United States* v. *Margolies*, that difference is without legal significance. The question in both situations is whether the applicant was a carrier, either common or contract, within the meaning of the Act, prior to June 1935 and continuously thereafter to the date of the hearing. For the reasons set forth in the *Rosenblum* and *Margolies* cases, the decision below must be affirmed.

We have considered and found without substance appellant's argument that findings as to whether Hendricks was acting as a broker during the period in question and as to whether appellant's name was carried on his equipment were "quasi jurisdictional" and that the absence of findings on those points renders the order void. Neither finding was here essential to the existence of authority

[4] 24 M. C. C. 141 at 147, 150.

to enter the order, and hence was not "quasi jurisdictional." Cf. *United States* v. *Baltimore & Ohio R. Co.,* 293 U. S. 454, 462–463; *Florida* v. *United States,* 282 U. S. 194, 214–215. One of the findings of the Commission, which appellant may not attack,[5] was that appellant hauled "for Hendricks, a common carrier by motor vehicle," and the Commission was satisfied from the evidence before it that Hendricks, and not the appellant, was the carrier in respect to the operations in which appellant was engaged. It was therefore immaterial whether Hendricks acted as a broker in connection with some other operations. Whether appellant's name was on his equipment can only be a factor bearing on the ultimate issue. It is in no sense "quasi jurisdictional."

*Affirmed.*

MR. JUSTICE ROBERTS took no part in the consideration or decision of this case.